**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SQUIRES MOTEL, LLC,**

          **Appellant,**         **6:09-cv-1157
            (GLS)**

     **v.**

**MICHAEL A. GANCE,** individually, and
as the Executor of the Estate of
Anthony M. Gance,

          **Appellee.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE APPELLANT:**<br>Reizes Law Firm, Chartered<br>1200 South Federal Highway<br>Suite 301<br>Boynton Beach, FL 33435 | LESLIE N. REIZES, ESQ. |
| **FOR THE APPELLEE:**<br>Bond, Schoeneck Law Firm<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | JOSEPH ZAGRANICZNY, ESQ.<br>STEPHEN A. DONATO, ESQ. |

**Gary L. Sharpe
District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Appellant Squires Motel, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which was dismissed by the bankruptcy court pursuant to 11 U.S.C. § 1112(b). (Dkt. No. 1:3.) Squires subsequently filed an appeal of the bankruptcy court's order with this court. (Dkt. No. 1.) Pending are Squires's appeal and appellee Michael Gance's motion to dismiss Squires's appeal. (Dkt. No. 7.) For the reasons that follow, Gance's motion to dismiss is granted, the appeal is dismissed, and the bankruptcy court's order is affirmed.

## II. Background[1]

Southside Storage, LLC, a non-debtor entity related to appellant Squires Motel, LLC, transferred six properties located in Broome County to Squires on May 19, 2009. (*See* Bankr. Order at 2-3, Dkt. No. 1:3.) The properties consisted of two small apartment buildings located on Squires Avenue, Endicott, New York, and a restaurant, motel, and rental complex

---

[1] While the court relies primarily on the findings of fact made by the bankruptcy court in its September 17, 2009 Memorandum-Decision, Findings of Fact, Conclusions of Law and Order, (*see* Bankr. Order at 2-7, Dkt. No. 1:3), it also accepts the facts as asserted in Squires's factual recitation where appropriate for purposes of the pending motion, (*see* Appellant Br. at 1-3, Dkt. No. 5).

2

on Watson Boulevard, Endicott, New York. The following day, Squires filed for bankruptcy with the United States Bankruptcy Court for the Northern District of New York. Squires alleged that the property transfer was meant to reorganize the distressed properties without affecting Southside's operation of its other properties or bringing unrelated creditors into the bankruptcy proceeding.

In December 2006, two years before, Anthony Gance had sold the properties to Wilson Rigdon, III, a principal of both Squires and Southside, and his father, Wilson Rigdon, Jr., who both personally guaranteed the obligations. On June 19, 2008, after learning that Southside stopped paying the real property taxes on the properties, Gance commenced foreclosure actions in New York State Supreme Court, Broome County, for each property, and subsequently moved for the appointment of a referee in each case. Southside opposed the foreclosure actions. In September 2008, Gance moved for summary judgment, to which Judge Ferris Lebous conditionally granted summary judgment unless Southside paid the property taxes by October 19, 2008. Southside paid the taxes in early November 2008. During this time, Anthony Gance died and appellee Michael Gance was appointed executor of his estate.

On February 20, 2009, Judge Lebous appointed a temporary receiver.  And on April 8, judgments of foreclosure were entered regarding the properties, and foreclosure sales were scheduled to be held on May 21.  Both parties agreed to the amount set forth in the judgments of foreclosure, and Southside did not appeal the judgments.  On May 19, two days prior to the scheduled foreclosure sale, Southside transferred the foreclosed properties to Squires, a newly formed entity at the time.  It is unclear whether any consideration was given for the transfer or whether the transfer was made in exchange for an issuance of stock in Squires.  Squires has continued to operate the properties.

On May 20, 2009, Squires filed a voluntary chapter 11 petition, allegedly to reorganize and initiate a chapter 11 plan.  Shortly thereafter, Gance filed a motion to dismiss, to which Squires filed a response.  On September 17, the bankruptcy court issued a Memorandum Decision, Findings of Fact, Conclusions of Law and Order granting Gance's motion to dismiss under 11 U.S.C. § 1112(b) based on its determination that Squires would be unable to confirm a plan and that the chapter 11 petition was filed in subjective bad faith.  (*See* Bankr. Order at 12, Dkt. No. 1:3.)

On September 26, 2009, Squires filed a notice of appeal of the

4

bankruptcy court's order with the United States District Court for the Northern District of New York.  (*See* Dkt. No. 1.)  Squires and Gance each filed a Designation of Contents for Inclusion in the Record and Statement of Issues.  (*See* Dkt. Nos. 2, 3.)  Both parties also filed their briefs with the court.  (*See* Dkt. Nos. 5, 8.)  However, on January 4, 2010, Gance filed a motion to dismiss the appeal, contending that the appeal is moot due to the foreclosure sale of the properties.  (*See* Dkt. No. 7.)

### III. Discussion

### A.   Mootness

There is no requirement that an appellant obtain a stay as a precondition to a bankruptcy appeal.  *See Trans World Airlines, Inc. v. Texaco, Inc.* (*In re Texaco Inc.*), 92 B.R. 38, 44 (S.D.N.Y. 1988).  However, absent a stay, "[t]he law is clear that once a foreclosure sale has taken place, the appeal [from a bankruptcy court's order] is moot."  *Young v. Shabot* (*In re Young*), 242 F.3d 369, at *1 (2d Cir. 2000) (unpublished); *see also Sullivan Cent. Plaza, I, Ltd. v. BancBoston Real Estate Capital Corp.*, 914 F.2d 731, 733 (5th Cir. 1990) ("If the debtor fails to obtain a stay, and if the property is sold in the interim, ... the appeal will be moot.").  An appeal is considered moot where "the court has no remedy that it can fashion even

5

if it would have determined the issues differently." *Licensing by Paolo, Inc. v. Sinatra* (*In re Gucci*), 105 F.3d 837, 840 (2d Cir. 1997) (internal quotation marks and citation omitted). "It necessarily follows that when, pending an appeal from the judgment of a lower court ... an event occurs which renders it impossible for [the] court ... to grant [the appellant] any effectual relief whatever, the court ... will dismiss the appeal." *Mills v. Green*, 159 U.S. 651, 653 (1895). Therefore, where an appellant does not obtain a stay pending appeal of an order of dismissal, a subsequent foreclosure of the property at issue leaves the court unable to grant effective relief and consequently renders the appeal moot and subject to dismissal. *See Tornheim v. Source One Mortgage Servs. Corp.*, 108 F.3d 329, at *1 (2d Cir. 1997) (unpublished); *see, e.g.*, *Club Candlewood Assocs., L.P. v. Home Fed. Sav. & Loan Ass'n* (*In re Club Candlewood Assocs., L.P.*), 106 B.R. 758 (N.D. Ga. 1989).

Here, the parties concede that following the bankruptcy court's dismissal of the case, the properties were sold pursuant to the April 8, 2009 judgment of foreclosure entered by the state supreme court. (*See* Appellant Resp. ¶ 1, Dkt. No. 11.) In addition, Squires has neither alleged nor shown any bad faith by the third-party purchaser. Furthermore, it is

6

undisputed that the properties at issue here were the sole assets of Squires at the time the chapter 11 petition was filed. (*See* Appellant Br. at 1, Dkt. No. 5.)  And lastly, it is clear that upon the issuance of the bankruptcy court's order of dismissal, the automatic stay was set aside[2] and has not since been reimposed.

Nevertheless, Squires asserts that despite these uncontested facts, the appeal is not moot because an effective remedy remains under N.Y. C.P.L.R. § 5523.  However, Squires's loose reliance on § 5523 is misplaced in the present context.  Under § 5523, "[a] court reversing or modifying a final judgment or order ... may order restitution of property or rights lost by the judgment or order ...."  As clarified by the New York Court of Appeals, § 5523 applies where "an unstayed judgment or order that has been wholly or partially enforced during pendency of an appeal is subsequently reversed or modified."  *Da Silva v. Musso*, 76 N.Y.2d 436, 440-41 (N.Y. 1990).  Here, the relevant judgments for § 5523 purposes are the state supreme court's foreclosure judgments, not the bankruptcy court's order.  The foreclosure judgments were never appealed and accordingly

---

[2]Dismissal of the bankruptcy case terminates the automatic stay. *See, e.g.*, *Martir Lugo v. De Jesus Saez* (*In re De Jesus Saez*), 721 F.2d 848, 851 (1st Cir. 1983); *In re Doherty*, 229 B.R. 461, 463 (Bankr. E.D. Wash. 1999); *In re Ethington*, 150 B.R. 48, 51 (Bankr. D. Idaho 1993); *In re Weston*, 101 B.R. 202, 204-05 (Bankr. E.D. Cal. 1989).

7

constitute final state court judgments. This court has no authority to affect the foreclosure judgments, and it is unlikely that the court has any authority to order restitution under § 5523. Thus, Squires may not employ § 5523 to enliven an otherwise moot issue.[3]

Therefore, in light of the facts at hand and the inapplicability of N.Y. C.P.L.R. § 5523, the court is unable to grant any effective relief and concludes that the pending appeal is moot and must be dismissed. Alternatively, even if this mootness analysis is flawed, the court nonetheless concludes that Squires's appeal must fail on the merits for the following reasons.

## B. Futility and Bad Faith

The district court sits as an appellate court when a bankruptcy order is appealed. *See* 28 U.S.C. § 1334. The district court may affirm, reverse, or modify the bankruptcy court's ruling, or remand the case for further proceedings. FED. R. BANKR. P. 8013. This court reviews the bankruptcy

---

[3] In addition, and contrary to Squires's contention, neither Chief Justice William H. Rehnquist's concurring opinion nor the majority's holding in *Honig v. Doe*, 484 U.S. 305 (1988), compels a different result here. Rather, while Justice William J. Brennan's majority opinion counsels against a finding of mootness where there is a reasonable likelihood that the appellant will again suffer the injury that gave rise to the suit under review, *see Honig*, 484 U.S. at 318, Chief Justice Rehnquist opines that an exception to mootness be created where the supervening events that gave rise to the claim of mootness occurred after the Supreme Court decided to grant certiorari, *see id.* at 329-332 (Rehnquist, C.J., concurring).

8

court's findings of fact for clear error, and its conclusions of law de novo. *See Nat'l Union Fire Ins. Co. v. Bonnanzio* (*In re Bonnanzio*), 91 F.3d 296, 300 (2d Cir. 1996). The finding of bad faith is generally considered a factual issue that is subject to clear error review. *See C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 113 F.3d 1304, 1312 n.6 (2d Cir. 1997); *see also U.S. Fid. & Guar. Co. v. DJF Realty & Suppliers, Inc.*, 58 B.R. 1008, 1011 (N.D.N.Y. 1986). However, a bankruptcy court's determination of whether the exception contained in 11 U.S.C. § 1112(b)(2) applies implicates the construction of the Bankruptcy Code, and is therefore reviewed de novo. *See, e.g.*, *City Bank & Trust Co. v. Vann* (*In re Vann*), 67 F.3d 277, 280 (11th Cir. 1995) (citation omitted); *Cheesman v. Tenn. Student Assistance Corp.* (*In re Cheesman*), 25 F.3d 356, 359 (6th Cir. 1994). And a dismissal for bad faith, which involves a bankruptcy court's exercise of equitable discretion, is reviewed for abuse of discretion. *See In re First Conn. Consulting Group, Inc.*, 254 Fed. Appx. 64, 68 (2d Cir. 2007).

Under 11 U.S.C. § 1112(b), a bankruptcy court may dismiss a chapter 11 petition if the party moving for dismissal can establish cause. In addition to the non-exhaustive list of examples enumerated in § 1112(b)(4),

9

cause for dismissal may exist where a chapter 11 petition is filed in bad faith.  *See C-TC 9th Ave. P'ship*, 113 F.3d at 1310-11.  To establish bad faith, the movant must satisfy a two-pronged test by a preponderance of the evidence.  First, the movant must demonstrate the objective futility of the reorganization process such that at the time of filing there was "no reasonable probability that [the debtor] would eventually emerge from bankruptcy proceedings."  *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (citing, inter alia, *Carolin Corp. v. Miller*, 886 F.2d 693, 698-702 (4th Cir. 1989)).  Second, in demonstrating subjective bad faith, the movant must show that there "was no reasonable likelihood that the debtor intended to reorganize."  *Id.*; *see also Farley v. Coffee Cupboard, Inc.* (*In re Coffee Cupboard, Inc.*), 119 B.R. 14, 17-18 (E.D.N.Y. 1990); *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 520 (Bankr. S.D.N.Y. 1996).  Once the movant has met both the objective and subjective prongs, a rebuttable presumption of bad faith arises and the burden shifts to the debtor "to establish good and sufficient reasons why the relief should not be granted."  *In re Yukon Enters., Inc.*, 39 B.R. 919, 921 (Bankr. C.D. Cal. 1984).  In other words, the debtor must demonstrate that "unusual circumstances" exist establishing that "dismissal

10

is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1)-(2).

"[A] determination of bad faith requires a full examination of all the circumstances of the case; it is a highly factual determination but also one that may sweep broadly." *C-TC 9th Ave. P'ship*, 113 F.3d at 1312. In making this determination, the following factors should be considered as they may be indicative of a bad faith filing: (1) the nature and extent of the debtor's assets and debts; (2) the extent of the debtor's business operations, including amount of employees, cash flow, and current expenses; (3) the extent to which the debtor's financial condition is essentially a two party dispute between the debtor and secured creditors; (4) whether the debtor has few unsecured creditors whose claims are small compared to the secured creditors' claims; (5) whether there is a reasonable probability that a reorganization plan can be proposed and confirmed; (6) whether the timing of the debtor's filing evidences an intent to gain a litigation advantage or to delay or frustrate its secured creditors' efforts to enforce their rights; and (7) the nature of the property transfer— whether it involved distressed real property into a newly created entity, whether it occurred within close proximity to the filing of the bankruptcy

11

case, and the amount of consideration paid for the property other than stock in the debtor. *See C-TC 9th Ave. P'ship*, 113 F.3d at 1311 (relying on the factors set out in *Pleasant Pointe Apartments, Ltd. v. Ky. Hous. Corp.*, 139 B.R. 828, 832 (W.D. Ky. 1992)); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 139 (Bankr. S.D.N.Y. 2000); *In re HBA East, Inc.*, 87 B.R. 248, 259 (Bankr. E.D.N.Y. 1988).

Here, the bankruptcy court engaged in precisely the fact-intensive examination envisioned by the Bankruptcy Code and pertinent case law. After applying the relevant factors to the material facts, the substantial majority of which were undisputed, the bankruptcy court concluded that, based on the totality of the circumstances, Squires's chapter 11 petition was filed in bad faith and was futile since Squires would be unable to confirm a plan. Having reviewed these factual findings for clear error, the court finds no error and affirms the bankruptcy court's finding of bad faith.

Upon de novo review of the bankruptcy court's determination that Squires's case does not fit within the exception under § 1112(b)(2), the court finds that Squires failed to demonstrate the existence of unusual circumstances and that the equities and the interests of the parties weigh in favor of dismissal. In particular, the court is persuaded that this is a clear-

12

cut case of the "new debtor syndrome," as it involves, among other things, a dispute between two parties that was essentially resolved in state court and that would be best served by dismissal here.  The court is convinced that given the nature of the property transfer, the nature of Squires as an entity, the quantity and quality of its assets, and the amount of equity in the property itself, dismissal was appropriate to protect Gance's claims and expedite a conclusion on this matter.  For similar reasons, and taking the parties' assertions at face value, the requirements under 11 U.S.C. § 1129 presented a near impassable obstacle for reaching an unimpaired confirmation of any reorganization plan.

As to the dismissal of Squires's case, the court finds that the bankruptcy court exercised its discretion appropriately and without abuse. While dismissal of a case after four months may be atypical and is generally disfavored where it occurs before a plan has been proposed, the circumstances of this case warranted such a prompt dismissal, especially because the facts were largely uncontested and overwhelmingly supported a finding of bad faith and futility.  Therefore, for these reasons, and because the court's jurisdiction to decide the pending appeal on the merits is questionable at best, the bankruptcy court's dismissal is affirmed.

## IV. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Squires's appeal is **DISMISSED**; and it is further

**ORDERED** that the judgment of the bankruptcy court is **AFFIRMED**; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 19, 2010
Albany, New York

_____
United States District Court Judge